BART M. DAVIS, ID STATE BAR NO. 2696
UNITED STATES ATTORNEY
WILLIAM M. HUMPHRIES, WA STATE BAR NO. 44452
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:   (208) 334-1414
EMAIL: Bill.Humphries@usdoj.gov

Attorneys for the United States of America on behalf of the U.S. Department of Education

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re<br><br>STEHPEN D. MENDENHALL,<br><br>Debtor. | Bankr. Case No. 18-41006-JMM<br><br>Chapter 7 |
| STEHPEN D. MENDENHALL,<br><br>Plaintiff,<br><br>vs.<br><br>NAVIENT CORPORATION and U.S. DEPARTMENT OF EDUCATION,<br><br>Defendants. | Adversary No. 19-08010-JMM<br><br>**MOTION TO DISMISS** |

COMES NOW the United States of America, on behalf of its agency the United States Department of Education ("Education"), through the United States Attorney for the District of Idaho and the undersigned Assistant United States Attorney, and files this motion specially and without waiving the Court's lack of personal jurisdiction over Education and without consenting

MOTION TO DISMISS - 1

to service other than as required by Federal Rule of Bankruptcy Procedure 7004. Education moves the Court to dismiss Plaintiff's Complaint (ECF No. 1) ("Complaint") filed by Stephen D. Mendenhall ("Plaintiff" or "Debtor") for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(2), (4), (5), and (6). In the alternative, Education requests the Court to order Plaintiff to amend his Complaint and serve the United States Department of Education correctly in accordance with Federal Rule of Bankruptcy Procedure 7004(b).

## I.    BACKGROUND

On November 1, 2018, "Plaintiff" filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code.[1] Petition in Bankr. Case No. 18-41006-JMM, ECF No. 1.

On January 22, 2019, Plaintiff filed his Complaint. ECF No. 1. In the Complaint, Plaintiff provides no facts related to his efforts to repay the student loans discussed or his efforts to maximize income and minimize expenses. *See* ECF No. 1.

On February 5, 2019, Plaintiff submitted a summons to the Court listing only Navient Corporation as the Defendant. ECF No. 3. The certificate of service portion of the submitted summons was already filled out stating that on February 5, 2019, the summons was sent to Navient Corporation, Education, and the U.S. Attorney's Office for the District of Idaho. ECF No. 3. The Attorney General for the United States was not listed on the certificate of service. *See* ECF No. 3. On February 7, 2019, the Court issued the summons, which must be served within seven days. ECF No. 4. At a conference in February the attorney for Plaintiff mentioned to the undersigned that an adversary proceeding had been filed. On March 11, 2019, the

---

[1] "Bankruptcy Code" herein refers to Title 11 of the United States Code.

MOTION TO DISMISS - 2

undersigned sent a letter to Plaintiff's counsel informing him that the U.S. Attorney's Office had not received anything related to the adversary proceeding and that the United States would not answer unless it was served in accordance with the Federal Rules of Bankruptcy Procedure.

On March 19, 2019, Plaintiff filed a Certificate of Service stating that on March 19th the summons and Complaint were served on Navient Corporation, Education, and the U.S. Attorney's Office for the District of Idaho.  ECF No. 5.  The Attorney General for the United States is not listed on the certificate of service.  *See* ECF No. 5.

On April 8, 2019, apparently recognizing that the time had passed to serve the summons issued by the Court on February 7, 2019, Plaintiff submitted a new summons (still only listing Navient Corporation as the defendant) to the Court.  ECF No. 6.  On that same date (April 8, 2019), the Court issued a new summons.  ECF No. 7.  Plaintiff filed a new Certificate of Service indicating that the summons and Complaint were sent to Navient Corporation, Education, and the U.S. Attorney's Office for the District of Idaho.  ECF No. 8.  The Attorney General for the United States is not listed on the certificate of service.  *See* ECF No. 8.  On April 16, 2019, counsel for Plaintiff emailed the undersigned asking whether the U.S. Attorney's Office received the documents.  The undersigned confirmed the U.S. Attorney's Office received the summons and Complaint, but the undersigned communicated that service had not been properly completed because the Attorney General for the United States had not been served, as required by Federal Rule of Bankruptcy Procedure 7004(b).

## II.      DISCUSSION

**A.      Plaintiff fails to state a claim upon which relief can be granted because he fails to allege facts plausibly suggesting that he has made a good faith effort to repay his student loans.**

The Complaint fails to state a claim upon which relief can be granted because Plaintiff fails to plead facts related to the third prong in the *Brunner* test adopted by the Ninth Circuit.  To

MOTION TO DISMISS - 3

successfully meet his burden of proving undue hardship under 11 U.S.C. § 523(a)(8), Plaintiff must, among other things, prove that he "has made good faith efforts to repay the loans." *In re Pena*, 155 F.3d 1108, 1111 (9th Cir. 1998). He fails to plead facts related to the third prong, and thus, Plaintiff fails to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(6) provides that the defense of a failure to state a claim upon which relief can be granted may be asserted in a motion before an answer is filed. Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

"In light of *Twombly* and *Iqbal*, the Ninth Circuit summarized the governing standard as follows: 'In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.'" *Arizona Lithium Co. Ltd. v. Battery Mineral Res. (United States), Inc.*, Case No. 4:17-cv-351-DCN, 2018 WL 715341, at *2 (D. Idaho Feb. 5, 2018) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)). This Court has reiterated the standard that a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Jeremy J. Gugino v. Nelmap, LLC et al. (In re Wallace)*, Bankruptcy No. 11-21077-TLM, 2013 WL 1681780, at *5 (Bankr. D. Idaho Apr. 17, 2013). "[C]onclusory statements that merely echo the statutory language" are not enough. *See id.* In sum, "[u]nder *Twombly*, the factual allegations must be sufficient to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

MOTION TO DISMISS - 4

(even if doubtful in fact)." *Jeremy Gugino v. Paul Orlando, et al. (In re Ganier)*, 403 B.R. 79, 82-83 (Bankr. D. Idaho 2009) (internal quotation marks omitted).

Here, even viewing the Complaint in the light most favorable to Plaintiff, there are no factual allegations allowing a reasonable inference that Plaintiff can prove that he made a good faith effort to repay his student loans. Indeed, he pleads no facts related to his efforts to repay the student loans. He pleads only that he has filed bankruptcy and allegations related to his current financial situation in relation to what he alleges would be required to currently pay his student loans. *See* ECF No. 1, ¶¶ 14-20.

Even considering the factual allegations present in the Complaint, the allegations are insufficient to be plausibly suggestive of a claim entitling the plaintiff to relief, especially when considering the third prong of the *Brunner* test. The factual allegations do not discuss Plaintiff's past attempts to repay student loans, maximize his income, minimize his expenses, obtain employment, or any of the other factors reviewed in the analysis of the good faith prong of the *Brunner* test. *See Roth v. Educ. Credit Mgmt. Corp. (In re Roth)*, 490 B.R. 908, 917 (B.A.P. 9th Cir. 2013). The facts alleged are not sufficient to raise a right to relief above the speculative level. Therefore, Plaintiff fails to state a claim upon which relief can be granted.

Moreover, Federal Rule of Bankruptcy Procedure 7008 requires that, "[i]n an adversary proceeding before a bankruptcy court, the complaint, counterclaim, cross-claim, or third-party complaint shall contain a statement that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy court." The Complaint contains no such statement.

While Federal Rule of Civil Procedure 12(b)(6) allows Education to move the Court to dismiss for the failure to state a claim upon which relief can be granted, a dismissal without leave to amend is improper unless it is clear that the complaint "could not be saved by any

MOTION TO DISMISS - 5

amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009). The Ninth Circuit has "held that in dismissals for failure to state a claim, a . . . court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

     **B.**    **Plaintiff failed to properly serve Education and thus the Court lacks personal jurisdiction over Education.**

Federal Rule of Bankruptcy Procedure 7012(a) requires that a complaint be duly served. After proper service, the United States must respond within 35 days from the date the bankruptcy court issues the summons. However, the United States has no obligation to answer an adversary complaint until the complaint and summons are "duly served" as required by Rule 7004. *United States v. McFerran*, No. CV-01-317-PHX-LOA, 2008 WL 4924782, at *4 (D. Ariz. Nov. 17, 2008) (citing Rules 7004 and 7012(a)).

Federal Rule of Bankruptcy Procedure 7004(a) provides Federal Rule of Civil Procedure 4(c)(1) and 4(e)-(j), among other provisions, apply in adversary proceedings. Federal Rule of Civil Procedure 4(c)(1) states that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Service is to be made as set forth in Federal Rule of Civil Procedure 4(e)-(j). Federal Rule of Civil Procedure 4(i) provides the method for serving the United States and its agencies. To comply with that rule, one must send by registered or certified mail a copy of the summons and complaint to the agency, to the U.S. Attorney's Office in the applicable district, and to the United States Attorney General.

Federal Rule of Bankruptcy Procedure 7004(b) then provides that, in addition to the methods set forth in Federal Rule of Civil Procedure 4(e)-(j), service on an agency of the United States may be effected by sending the summons and complaint via first class mail, postage

MOTION TO DISMISS - 6

prepaid, to the agency; the U.S. Attorney for the district in which the action is brought; and to the Attorney General of the United States.  Fed. R. Civ. P. 7004(b)

"'[P]erson's effecting service must provide correct notice in accord with the Rules . . . . Thus, strict compliance with Rule 7004 serves to protect due process rights as well as to assure bankruptcy matters proceed expeditiously.'"  *In re Ultrasonics, Inc.*, 269 B.R. 856, 862 (Bankr. D. Idaho 2001) (quoting *Jobin v. Otis (In re M & L Business Machine Company Inc.)*, 190 B.R. 111, 115 (D. Colo. 1995)).  Without proper service of the complaint, no relief is appropriate.  *See In re Campbell*, 105 B.R. 19, 21 (B.A.P. 9th Cir. 1989) ("A default judgment entered when there has been no proper service of the complaint is void, and should be set aside.").

"A bankruptcy court lacks jurisdiction over a defendant if the defendant was not served properly under Rule 7004."  *In re Scott*, 437 B.R. 376, 379 (B.A.P. 9th Cir. 2010); *In re Campbell*, 105 B.R. 19, 21 (B.A.P. 9th Cir. 1989) (citing *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946)) ("The United States Supreme Court has stated that service of a summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party being served." (internal quotation marks omitted)); *Laboy v. Firstbank P.R. (In re Laboy)*, Bankruptcy No. 93-00753, 2010 WL 427780, at *9-10 (D. Puerto Rico Feb. 2, 2010).  "Even receipt of actual notice does not remedy the technically defective service through which the court fails to obtain personal jurisdiction."  *In re Campbell*, 105 B.R. at 21 (internal quotation marks and citations omitted). Without personal jurisdiction, a court has no power to compel the United States to answer or respond to an adversary complaint.  *Bendis v. Internal Revenue Service (In re Bendis)*, Adversary No. 08 A 00081, 2009 WL 928658, at *2 (Bankr. N.D. Ill. Apr. 6, 2009) (citing

MOTION TO DISMISS - 7

*Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966), *cert. den.*, 391 U.S. 923 (1968)). A defendant may then file a motion to dismiss based on the failure. *In re Campbell*, 105 B.R. at 21.

Federal Rule of Bankruptcy Procedure 7012(b) incorporates Federal Rule of Civil Procedure 12(b)-(i). Federal Rule of Civil Procedure 12(b) provides defenses to claims for relief and such defenses may be raised by motion before an answer is filed. Rule 12(b)(2) provides a defense for lack of personal jurisdiction; Rule 12(b)(4) provides a defense for insufficient process; and Rule 12(b)(5) provides a defense for insufficient service of process.

Here, Plaintiff failed to properly serve the summons and Complaint on the United States because he did not serve the Attorney General for the United States as required by Federal Rule of Bankruptcy Procedure 7004(b)(4) and (5). Therefore, the Court lacks personal jurisdiction over Education. Insufficient process and service of process, and the lack of personal jurisdiction that such insufficiencies create, provide grounds for dismissal under Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b)(2), (b)(4), and (b)(5).

Notwithstanding, Federal Rule of Bankruptcy Procedure 7004(b)(4) and (5) require the Court to provide a reasonable time to cure service issues when the U.S. Attorney's Office or the Attorney General for the United States has been served. Here, Plaintiff mailed the summons and Complaint to the U.S. Attorney's Office but not to the Attorney General for the United States. Thus, Education requests that the Court to order Plaintiff to submit a new summons (with Education included as a defendant) for the Court to issue and then allow Plaintiff to properly serve the summons and Complaint on the United States within the seven days of the summons being issued. *See* Fed. R. Bankr. P. 7004(e). Then the United States would have the 35 days to answer as allowed by Federal Rule of Bankruptcy Procedure 7012(a).

MOTION TO DISMISS - 8

### III. PRAYER FOR RELIEF

WHEREFORE, Education requests that the Court dismiss this case for failure to state a claim upon which relief can be granted, understanding that the Court must allow Plaintiff to amend the Complaint and cannot dismiss the case unless it is clear that Plaintiff cannot amend the Complaint to cure the deficiencies. Thus, at the very least, Education requests that Plaintiff be ordered to amend his Complaint.

In addition, Education requests the Court to order Plaintiff to submit a new summons naming Education as a defendant so that the Court may issue the summons and allow Plaintiff the seven days from issuance of the summons to properly serve Education (and the United States as a whole, which includes serving Education, the U.S. Attorney's Office, and the Attorney General of the United States) as required by Federal Rule of Bankruptcy Procedure 7004(b)(4) and (5). Education would then have 35 days from the issuance of the summons to file an answer, or another motion under Rule 12, if the summons and amended complaint are served correctly.

DATED this 9th day of May, 2019.

                BART M. DAVIS
                UNITED STATES ATTORNEY
                By

                */s/ William M. Humphries*
                WILLIAM M. HUMPHRIES
                ASSISTANT UNITED STATES ATTORNEY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of May, 2019, the foregoing **MOTION TO DISMISS** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

    Ryan E. Farnsworth
    ryan@averylaw.net
    *Attorney for Debtor*


    Louis Vaughn Spiker
    lvs@magicvalleylaw.com
    *Attorney for Navient Corp.*


    /s/ Jessica Black
    Jessica Black
    Legal Assistant

MOTION TO DISMISS - 10